[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff Ronald F. Petronella, Commissioner of the State Department of Labor, has brought this action under General Statutes § 31-72, wherein be seeks to collect unpaid wages on behalf of the following five individuals: Glenn Maiorano, Vincent Paoilcelli, Nancy P. McCann, James Markland, and Sara Miller. (The action was also brought on behalf of Joseph Joyce, but Joyce did not appear to testify at trial and the court granted defendants' Motion for Judgment of Dismissal as to his claim.)
Three of the defendants are Specialty Publishers, Inc., Peter Jacquith, and Dennis Flavin. These three defendants have been defaulted. Thus, as to them, the court has treated the matter as a hearing in damages. As to the defendants Venture Partners, Ltd., Gary Laskowski, and Jonathan Betts, a trial to the court was held on April 29, May 5, 6, 7 and 12 1998.
In 1991 wage claimants Glenn Maiorano, James Robert Markland, and Sara Miller, were hired as employees by defendant Specialty Publishers, Inc. In April of 1992 wage claimant Nanci P. McCann was hired as an employee by defendant Specialty Publishers, Inc. In January of 1992 wave claimant Vincent J. Paolicelli was hired as an employee by defendant Specialty Publishers, Inc. These five claimants continued to be employed by Specialty Publishers. Inc., during the months of August, September, and October of 1992. However, Specialty Publishers, Inc., failed to pay their wages during those months. Defendant Peter Jacquith was the chief executive officer of Specialty Publishers, Inc., and Dennis Flavin was president of Specialty Publishers, Inc.
As to the three remaining defendants, the issues raised at trial were as follows:
 1. Was Venture Partners, Ltd. ("Venture") an employer of the claimants which should be held liable for the payment of their back wages?
 2. If the answer is yes, should Jonathan Betts and Gary Laskowski be held individually liable for the payment of those wages'
 3. If either or all of these three defendants are held liable for CT Page 8701 those wages, what are the damages?
Defendants Betts and Laskowski claim that Venture was never an employer of the claimants. They claim that Venture is a management consulting and investment banking firm, that Gary Laskowski and Jonathan Betts are officers and directors of Venture, and that Specialty Publishers, Inc., retained Venture on October 30, 1992, to provide management consulting services pursuant to an Engagement Letter. Thus, they claim they are not liable for the payment of the claimants' wages.
The pertinent statutes are as follows:
General Statutes 31-71a(1) defines employer in the following manner.
 (1) "Employer" includes any individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased person, the conservator of the estate of an incompetent, or the receiver, trustee, successor or assignee of any of the same, employing any person, including the state and any political subdivision thereof."
 Section 31-72. in relevant part, defines when an employer is liable and the penalty for non-payment of wages to wit;
 "(w)hen any employer fails to pay any employee wages in accordance with the provisions of §§ 31-71a to 31-71i, inclusive. . . ., such employee . . . may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorneys' fees as may be allowed by the court."
Section 31-71c. provides in pertinent part:
 "(b) Whenever an employer discharges an employee, the employer shall pay the employee's wages in full not later than the business day next succeeding the date of such discharge."
 "(c) When work of any employee is suspended as a result of a labor dispute, or when an employee for any reason is laid off, the employer shall pay in full to such employee the wages earned by him not later than the next regular pay day, as designated under section 31-71b."
The question before the court, then, is whether Venture Partners, Ltd., Gary Laskowski, and Jonathan Betts were in a CT Page 8702 position of control of the company to such an extent that they can be held liable for the payment of unpaid wages.
Our Supreme Court has held that, "When placed in its statutory context, the term employer as used in § 31-72
encompasses an individual who possesses the ultimate authority and control within a corporate employer to set the hours of employment and pay wages and therefore is the specific or exclusive cause of improperly failing to do so." Butler v.Hartford Technical Institute, Inc., 243 Conn. 454, 464 (1997).
The Court holds that since Venture Partners, Ltd., as a corporation, had the ultimate authority and control to pay wages, it is liable for the payment of those wages. Further, since Gary Laskowski and Jonathan Betts, as the two executives of Venture, had the ultimate authority and control within the corporation to pay wages, then they as individuals are also liable for the payment of those wages.
The following facts indicate that Venture Partners, Ltd., Gary Laskowski, and Jonathan Betts acted as the employer of the claimants. Gary Laskowski was the president and treasurer of Venture and Jonathan Betts was its vice president and secretary. They were the only directors of Venture. The major shareholders of Venture were their wives.
Laskowski and Betts arrived at Specialty Publishers, Inc., on or about early September of 1992 and they began work toward the end of October. Peter Jacquith, who was the sole shareholder of Specialty Publishers, held a required meeting of the employees in October at which he introduced Laskowski and Betts as their new managers. The employees were told to report to Laskowski and Betts and that Laskowski and Betts would handle everything on a day-to-day basis. The employees were told that everything pertaining to the business had to be cleared through said defendants. From the beginning, the employees were told that anything pertaining to the business that the employees conducted for Specialty Publishers — both divisions, the college division and the sports division, would have to be cleared with said defendants because they were managing the company.
Dennis Flavin as president of Specialty Company had been fired, and Venture, Laskowski and Betts in their new position managed, directed and ran the daily operations of Specialty Publishers, Inc., with particular emphasis on the financial CT Page 8703 operations of the company. They had complete dominion over how the moneys at Specialty Publishers were to be spent.
Gary Laskowski and Jonathan Betts in their positions as the officers of Venture Partners, Ltd., controlled and dominated Specialty Publishers, Inc., and in that position of authority at Specialty Publishers, Inc., promised to pay the claimants all wages due them.
From the beginning of their involvement at the company Laskowski and Betts assumed authority and control. Their control resulted from their specific, unencumbered dominion and control over how the moneys at Specialty were to be spent. They decided which creditors would be paid and which would not be paid. All decisions concerning the running of the company were made by them. They directed the day-to-day business of the company and decided what the responsibilities of the employees were to be. Prior to his leaving the company Dennis Flavin, as president of Specialty, had made 95% of the decisions concerning the company. After his removal, Laskowski and Betts made 95% of the decisions, even to the extent of not allowing employees to open the mail.
Said defendants terminated the health insurance of the employees, refused to pay the landlord back rent, fired the accountant who had worked for Specialty, hired other accountants, changed the payroll system, and failed to pay back wages of the five claimants. Although they did not pay wages for August, September, and October, they continued to promise the claimants that those wages would be paid in order to induce them to keep working. They did pay them for work they did in November and December, but fired them in December without paying them for the back wages.
The defendants claim that all decisions were made by Jacquith even though he almost never showed up at the company. The Court does not believe that Jacquith controlled the day-to-day operations of the company or made its financial decisions. In fact, the evidence indicates that Jacquith was used as a rubber stamp of whatever Laskowski and Betts decided should be paid.
Ultimate dominion, authority and control over Specialty Publishers by Gary Laskowski, Jonathan Betts, and Venture Partners was also exhibited in ownership and signatory authority over the bank accounts in which moneys belonging to Specialty Publishers were deposited. Laskowski and Betts possessed sole CT Page 8704 signatory authority over at least two checking accounts in which moneys from Specialty were paid from and deposited to the accounts of Venture.
In summary, the court finds that the three defendants namely, Laskowski, Betts, and Venture Partners were in complete control of Specialty, and that they are liable for refusing to pay wages to the claimants, especially in light of their promise to pay those wages to induce the claimants to continue working during the months of November and December.
The Court finds the damages to be as follows:
Wages for Glenn Nicholas Maiorano $ 13,641.16
Wages for James R. Markland $ 15,625.00
Wages for Sara Miller $ 1,380.00
Wages for Vincent J. Paolicelli $ 10,833.33
 Wages for Nanci P. McCann 12,000.00
$ 53,479.49
Although Nanci P. McCann is seeking, $30,123.00 in back wages, the court finds she is only entitled to her base salary. There was no evidence that her claims for bonuses in the amount of $3,540 or $14,583.31 had yet been earned.
General Statutes § 31-72 provides for the recovery of double damages. The court finds that double damages should be awarded in this case. It finds bad faith, arbitrariness and unreasonableness on the part of the defendants Venture, Laskowski, and Betts. The claimants were promised by said defendants that they would be paid their back wages as an inducement to keep them working. Yet they were fired two months later and not given those back wages. After being fired they were further told they would be paid if they would sic, certain releases. However to this day they have not been paid.
General Statutes § 31-72 also provides for interest as calculated by General Statutes § 31-265. General Statutes § 31-265 provides for minimal annual interest of 12% calculated on a monthly basis. The court finds that interest should run from November 1, 1992 until all sums are paid. In CT Page 8705 addition the plaintiff is seeking an attorney's fee in the amount of $5,000. The court finds this to be reasonable inasmuch as there were five days of trial.
Accordingly, judgment may enter for the plaintiff against Venture Partners, Ltd., Gary Laskowski, Jonathan Betts, Peter Jacquith, Dennis Flavin, and Specialty Publishers. Inc., in the amount of $106,958.98 (double $53,479.19), plus interest in the amount of 12% from November 1, 1992, plus an attorney's fee in the amount of $5,000, plus costs.
Allen, J.
Judge Trial Referee